UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                         Case No. 8:18-bk-00036-RCT
Chapter 7

Sandra Sabattini

       Debtor.

_____/

# CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND 1ST PREMIER INTERNATIONAL PROPERTIES, LLC TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

Carolyn R. Chaney, as Chapter 7 Trustee (the "Trustee") for the above-referenced debtor(s) (the "Debtor"), files this Application for entry of an order authorizing retention of (1) BK Global Real Estate Services ("BKRES") and (2) 1st Premier International Properties, LLC ("Listing Agent"). In support thereof, the Trustee respectfully states as follows:

### *PRELIMINARY STATEMENT*

The Trustee requests approval to retain BKRES and 1st Premier International Properties, LLC at no cost to the estate, to negotiate with and persuade the first lien holder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to provide a carve out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate

brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carve out for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain Secured Creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

### *JURISDICTION*

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### *BACKGROUND*

3. On January 3, 2018, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5.   The Trustee held and concluded the 341 meeting on February 1, 2018.

6.   The Debtor is the owner of real property located at 212 W. Cornelius Circle, Sarasota, FL 34232 (the "Property").

7.   The Debtor scheduled the Property with a value of $170,000.00. The Property is subject to a first mortgage lien (the "Senior Mortgage") in favor of Caliber Home Loans in an amount exceeding the property value (collectively, the "Secured Creditor").

8.   The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to do the following, with the proviso that the hired professionals, BKRES or Local Agent, shall not participate in the sale and purchase of any estate property except as hired brokers:

   a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

   b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

   c. If the Property is sold to a third party, agree to a 11 U.S.C. § 506 surcharge to pay all the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carveout for the

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

benefit of allowed unsecured creditors of the Debtor's estate;

    d. If Secured Creditor purchases property, agree to a 11 U.S.C. § 506 surcharge to pay all the expenses associated with the proposed sale, including the payment of a 2% real estate brokerage commission to BKRES, of which a $500.00 fee will be paid to Listing Agent, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate.

9. Trustee expects BKRES and Listing Agent to obtain Secured Creditor's Consent and bring a separate motion seeking an order approving the sale of the Property (the "<u>Motion to Approve Sale</u>") within several months of the entry of the order sought by this Application.

10. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described above directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Motion to Approve Sale is granted.

### *APPLICATION*

11. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

4

12. As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained. The Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

14. In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

15. BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

16. The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and listing agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

17. BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit A* is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

18. Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit B* is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES.

## *CONCLUSION*

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

DATED: March 20, 2018.

/s/Carolyn R. Chaney, Trustee
Post Office Box 530248
St. Petersburg, FL  33747-0248
Telephone: (727) 864-9851
Email: carolyn.chaney@earthlink.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Application has been provided by electronic or U.S. Mail delivery on March 20, 2018, to:

Office of U.S. Trustee, USTPRegion21.TP.ECF@USDOJ.GOV

Debtor: Sandra A. Sabattini, 3342 Oakwood Lane South, Sarasota, FL 34237

Attorney for Debtor: Richard V. Ellis, Esquire, 3202 North Tamiami Trail, Sarasota, FL 34234; Email: RVellisbk@aol.com

Patrick Butler, BK Global Real Estate Services, 1095 Broken Sound Pkwy. NW, Suite 100, Boca Raton, FL 33487

William Howell, 1st Premier International Properties, LLC, 1970 Main Street, #203A, Sarasota, FL 34236.

/s/Carolyn R. Chaney, Trustee

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:  : Chapter 7
 :
 : Case No. 18-00036
 :
Debtor. :
Sandra Sabattini :
 :

**DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND 1st PREMIER INTERNATIONAL PROPERTIES, LLC TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330**

The undersigned, Patrick Butler ("Declarant") hereby states:

1. I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Florida located at 1095 Broken Sound Pkwy NW Suite 100, Boca Raton, FL 33487. I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2. Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3. To the best of my knowledge: (a) neither BKRES nor any of its employees has any connection with the Debtors, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES

and each of its employees are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) neither BKRES nor any of its employees hold or represent an interest adverse to the Debtor's estate.

4. A description of the qualifications of, and services provided by, BKRES is attached as <u>Schedule 1</u>.

5. That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6. That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the BKRES Agreement that is attached as <u>Schedule 2</u> hereto, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this 2ⁿᵈ day of March, 2018.

Patrick Butler
Corporate Broker

The foregoing instrument was acknowledged before me this 2ⁿᵈ day of March, 2018, by Patrick Butler who provided identification or is personally known to me and who aid take an oath.

Notary Public-State of Florida

My Commission Expires



Notary Public State of Florida
Lyda Castro
My Commission FF 905572
Expires 08/03/2019

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA

In re:                                         Case No. 18-00036
                                              Chapter 7

Sandra Sabattini

**Debtor**                                            /

## AFFIDAVIT OF WILLIAM HOWELL IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND 1st PREMIER INTERNATIONAL PROPERTIES, LLC INC. TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

STATE OF FLORIDA            )
                                    )
COUNTY OF Sarasota         )

William Howell, being duly sworn, says:

1. I am a real estate agent duly licensed by the State of Florida.

2. I am an agent of 1st Premier International Properties, LLC, office located at 1970 Main Street #203A, Sarasota, FL 34236 ("Listing Agent").

3. I am familiar with the Application to Retain 1st Premier International Properties, LLC, filed by the Trustee ("Application") and the property described therein.

4. I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 212 W Cornelius Cir, Sarasota, FL 34232 (the "Property").

5. 1st Premier International Properties, LLC has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure, proposed to be paid, to 1st Premier International Properties, LLC does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

6. Neither I nor any member of 1ˢᵗ Premier International Properties, LLC hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7. To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtor, its creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8. I represent no interest adverse to the Debtor or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

*/s/ William Howell*
WILLIAM HOWELL of
1ˢᵗ PREMIER INTERNATIONAL
PROPERTIES, LLC

The foregoing instrument was sworn to and subscribed before me this 22ⁿᵈ day of March, 2018.

NOTARY PUBLIC

*/s/*
Notary Public, State of Florida

Anne Marie Mugnolo
Type, Stamp, or Print Name as Commissioned

ANNE MARIE MUGNOLO
Notary Public - State of Florida
Commission # FF 238733
My Comm. Expires Jan 9, 2019